## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

| | |
|---|---|
| PAMELA SKAGGS, | * |
| Plaintiff, | * |
| v. | * |
| NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration, | *  No. 3:17cv00257-JJV |
| Defendant. | * |

## **MEMORANDUM AND ORDER**

Plaintiff, Pamela Skaggs, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

This case comes by way of a partially favorable decision.  (Tr. 12-14.)  The ALJ found Plaintiff to be disabled as of March 12, 2017.  (Tr. 27.)  But Ms. Skaggs believes she was actually disabled as of February 28, 2013, but for the ALJ's incorrect residual functional capacity.  (Doc. No. 13 at 2, 35-40.)  After careful review of the record and pleadings, I agree with Plaintiff and find the case should be remanded.

With the aid of a vocational expert (Tr. 59-68), the ALJ determined that – prior to March 12, 2017 - Plaintiff had the residual functional capacity to perform light work and could perform the jobs of rental furniture clerk and counter clerk.  (Tr. 26.)  Plaintiff believes these jobs exceeded her mental and emotional abilities.  Specifically, Plaintiff notes the two state agency doctors of psychology concluded she was limited to "work where interpersonal contact is incident to the work performed."  (Tr. 20, 88, 110.)  I recognize the ALJ gave these doctors only "some weight," but he also stated these opinions followed a "detailed review of the claimant's allegations based on anxiety, depression, and substance abuse dependence" and they "were consistent with the treatment records."  (Tr. 24.)

The clerk jobs identified by the ALJ require *substantial* interaction with customers.  (*See* Dictionary of Occupational Titles (DOT) #295.357-018, #249.366-010 and Selected Characteristics of Occupations Defined.)  And according to the "Worker Function relationships" identified by the fifth digit of the occupational code, the job of counter clerk requires "Speaking-Signaling" and the job of rental furniture clerk requires "Persuading."  (DOT Appendix B.)  "Speaking-Signaling" is defined as "Talking with and/or signaling people to convey or exchange information.  Includes giving assignments and/or directions to helpers or assistants."  (*Id.*)  Persuading is defined as "Influencing others in favor of a product, service, or point of view."  (*Id.*)  Accordingly, I find the ALJ's conclusion to be flawed here.  Clearly the jobs identified require

2

more interaction with others than the medical evidence supports, so the decision is not supported by substantial evidence.

I find this case to be a close call because the ALJ provided an otherwise thorough analysis of a complicated case.  Additionally, I find unpersuasive Plaintiff's argument that the ALJ erred by not requesting "an opinion from one of [Plaintiff's] treating psychiatrists [or requesting] a mental consultative evaluation of [Ms.] Skaggs."  Plaintiff is reminded it is her burden of proving disability.  Moreover, she is in the best position to obtain medical opinions from her treating sources.

Nevertheless, inconsistencies remain regarding the Commissioner's residual functional capacity assessment and the jobs identified by the ALJ that Plaintiff could perform despite her impairments.  Therefore, this case should be remanded to the Commissioner for reconsideration of Plaintiff's ability to perform the jobs of counter clerk and rental furniture clerk.

THEREFORE, this matter is REVERSED and REMANDED for action consistent with this opinion and any pending motions are rendered moot.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g).

IT IS SO ORDERED this 26th day of February, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE